# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. W-21-CR-54-ADA** |
| | § | |
| **FAITH ANN BEAN** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession of a Firearm by an Unlawful User of or Addict to a Controlled Substance. The Court sentenced the Defendant to time already served imprisonment, followed by a three (3) year term of supervised release. The Defendant was released to supervision on May 16, 2023. On January 8, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of her supervision and seeking a show-cause hearing as to why the Defendant's

1

supervision should not be revoked. The petition alleges the Defendant violated the terms of her supervision in the following instances:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 3, in that, on November 14, 2023, December 11, and 21, 2023, the defendant submitted urine samples which tested positive for Amphetamine/ Methamphetamine.
>
> **Violation Number 2:** The defendant violated Standard Condition Number 5, in that, the defendant moved without notifying the Probation Officer.
>
> **Violation Number 3:** The defendant violated Standard Condition Number 13, in that, on January 2, 2024, the defendant did not follow the instructions of the probation officer related to the conditions of supervision.
>
> **Violation Number 4:** The defendant violated Standard Condition Number 8, in that, on December 11, 2023, the defendant admitted to associating with individuals involved in criminal activity.

At the hearing, Defendant pleaded TRUE as to violation numbers 1, 2, 3, and 4. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The Defendant violated the conditions of her supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against her.

4. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The Defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6.  The Defendant was sane and mentally competent to stand trial for these proceedings.

7.  The Defendant was sane and mentally competent to assist her attorney in the preparation and conduct of his defense.

8.  The Defendant received a copy of the petition naming her, and she either read it or had it read to her.

9.  The Defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12. The Defendant understood her statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked, Defendant be sentenced to six (6) months in custody with credit for time served, followed by thirty (30) months of supervised release. At the conclusion of the six (6) months in custody and in addition to all of the existing conditions of probation, the Defendant is **ORDERED** to attend in-patient substance abuse treatment as the United States Probation Office deems necessary and appropriate.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE